[Civ. No. 4444.   Third Appellate District.—November 17, 1931.]

K. OTTO SATERSTROM et al., Respondents, v. GLICK BROS. SASH, DOOR & MILL CO. et al., Defendants; H. R. COBURN, etc., Appellant.

Goodspeed, Pendell & McGuire for Appellant.

Paul Friedman for Respondents.

PRESTON, P. J.—Action to quiet title to real property. Plaintiffs prevailed in the superior court and defendant H. R. Coburn alone appeals.

Appellant contends that the evidence is insufficient to support the finding of the trial court "that the above named plaintiffs, K. Otto Saterstrom and Anna O. Saterstrom, are the owners of the fee simple title to the property described in paragraph 3 of plaintiffs' complaint", etc.

Plaintiffs relied wholly upon a record title. Their record title is based upon a sale of the property under a deed of trust. The deed of trust is dated September 1, 1927, executed by Claud Williams and Mary Williams to the Security Title Company, a corporation, and purporting to convey property described as follows:

"All that property in the County of ———, State of California, described as:

"Lot thirty nine (39) of Tract number Forty-five hundred eleven (4511) as per map recorded in Book 49, pages 4, 5, 6, and 7 of Maps, in the office of the County Recorder of said County."

Appellant contends that the deed of trust is void because of the defective and insufficient description of the property therein set forth. We think this contention must be sustained.

The rule is well established, as stated by this court in *Scott* v. *Woodworth*, 34 Cal. App. 400 [167 Pac. 543, 546]:

" 'To be valid on its face, a deed must contain such a description of the real property thereby intended to be conveyed as will enable the property to be readily located by reference to the description.' It was further declared

therein that if the writing itself does 'not furnish the means whereby the description may be made sufficiently definite and certain readily to locate the property, then the instrument must be held void, since the imperfections of the description cannot be supplied through evidence extrinsic to the writing itself without running up against the positive mandate of the rule that a conveyance of real property must be in writing'." (See, also, *Redemeyer* v. *Cunningham*, 61 Cal. App. 424 [215 Pac. 83].)

◼ The rule is also well established that the parties to a deed may describe the property therein conveyed by a reference therein to another deed or map which contains a description, yet the deed and instrument referred to when taken together, must be as certain in respect to the description, as a description contained in the deed itself. (*Donnelly* v. *Tregaskis*, 154 Cal. 261 [97 Pac. 421] ; *Caldwell* v. *Center*, 30 Cal. 53 [89 Am. Dec. 131] ; *Redemeyer* v. *Cunningham, supra; Scott* v. *Woodworth, supra.* See, also, *Oatman* v. *Niemeyer*, (Cal.) 273 Pac. 567.) Tested by these rules, the conclusion is irresistible that the description above set forth is fatally defective and wholly insufficient to identify the real property intended to be conveyed by said deed of trust. This being true, the purported deed of trust was wholly inoperative and void.

By examining the deed of trust, it will be readily perceived that, in describing the property, the name of the city and county in which the property is located has been left blank. The deed of trust gives no information as to where the property is located except that it is in the state of California. Neither is there any deed or map mentioned or referred to therein, from which it can be ascertained in which city and county the property is situated. It is true the description refers to "map recorded in Book 49, pages 4, 5, & 6 of Maps, in the office of the County Recorder of said County". But it does not say what county. There are fifty-eight counties in California, each one of which undoubtedly has maps of tracts and subdivisions, etc., similar to the one referred to in the description in question.

◼ Respondents contend that as the deed of trust was executed, recorded and the sale thereunder had in Los Angeles County, such facts constitute sufficient parol evidence that the property is also located in said city and county.

These facts would not supply the fatal omission in the description or aid a surveyor in locating the property.

There is absolutely no proof of any character in the record of adverse possession by respondents or any of their predecessors in interest, and no proof that plaintiffs or the parties who made the deed of trust were in possession of the property now claimed by respondents, at the time the deed of trust was made. Respondents admit that they never were in possession of the property they now claim.

■ Counsel for respondents also make this statement:

"It is a matter of common knowledge that property in Los Angeles is subdivided and platted into tracts which are numbered, maps thereof being recorded in the county recorder's office. It is also a matter of common knowledge that there has been great real estate activity and a greater number of subdivisions platted and numbered in Los Angeles county than in any other county of the state of California, and it is probably a fair assumption that at the date of the execution of this deed of trust there was in no other county of the state the map of a subdivision recorded as high as 4511, and which was recorded in book 49, pages 4, 5, 6 and 7 of maps, in the office of the county recorder of such county."

This argument might be said to be ingenious and somewhat characteristic of an ardent booster of our southern metropolis. While we realize and appreciate that Los Angeles has made great growth in the last decade and that many tracts of land in and adjacent to that city have been subdivided and maps thereof filed in the recorder's office of Los Angeles County, we hardly feel warranted at this time in taking judicial notice of the fact that Los Angeles County is the only county in California "that has a tract No. 4511 subdivided or a map book numbered 49 with pages 4, 5, 6 and 7.".

If we adopted counsel's argument we would no doubt have visited upon us the eternal wrath and condemnation of real estate operators and land owners of other thriving southern and northern California cities and counties.

■ There is no merit in the contention of respondents that appellant failed to make a proper and sufficient objection to the introduction of the deed of trust in evidence and, therefore, is precluded from raising the insufficiency of the

description on appeal. The objection made by appellant was sufficient if, indeed, any objection to the introduction of the deed of trust was necessary. It is not a question of the proper admission of evidence. It is a total failure of proof to sustain the finding of the trial court that respondents were the owners of the fee simple title to the property described in their complaint. The deed of trust, although admitted in evidence, proved nothing because of a lack of a definite and proper description of the property intended to be affected.

The deed of trust being void for lack of a sufficient description of the property conveyed, the sale and all proceedings under the deed of trust would likewise be wholly ineffective and void.

The notice given under section 2924 of the Civil Code is fatally defective because it contains no description of the property intended to be sold, *but only refers to the record of said deed of trust for the description of the property.*

There was no attempt to reform the deed of trust to set forth a correct and definite description of the property, etc.

We find no legal ground upon which the judgment can be sustained. The judgment is therefore reversed.

Plummer, J., and Thompson (R. L.), J., concurred.