VICENTE E. LUJAN, Plaintiff-Appellee

v.

CARMELO R. PANGELINAN, et al., Defendants-Appellants

Civil No. 76-029A

District Court of Guam

Appellate Division

June 1, 1977

Before DUENAS and WONG, *District Judges*, and HEFNER, *Designated Judge*

PER CURIAM

OPINION

This appeal involves the trial of a quiet title action which was originally filed in the District Court of Guam, but was transferred to the Island Court of Guam and tried on December 10, 1973, February 4, 1974, and April 24, 1974, by Judge Vicente Reyes. Judge Reyes issued a decision on August 6, 1974, as a Judge of the Superior Court.

The quiet title action is based exclusively on a Deed of Conveyance signed by the late Maria Pangelinan Mendiola, conveying a piece of property to plaintiff. The piece of property is designated as:

Lot No. 5243-1-2, Municipality of Dededo, territory of Guam, containing an area of 20,532.95 square meters. CERTIFICATE OF

434

The Deed of Conveyance was executed by Mrs. Mendiola on December 17, 1965. Mrs. Mendiola died on January 22, 1966. The defendants named in this action are the 10 children of Mrs. Mendiola. Her husband, Pedro C. Mendiola, is still living but waived all interest in her estate in favor of her children.

It is clear from the evidence that Maria Mendiola owned a one-half (½) undivided interest in Lot No. 5243, Dededo, along with her brother, Vicente Rosario Pangelinan, by virtue of a Decree of Distribution entered on January 24, 1963, in Probate Case No. 446-48, which was the Probate Case of their late father, Carmelo Pangelinan Pangelinan.

It is also clear from the evidence that there is no lot in Dededo designated as Lot No. 5243-1-2, nor is there any map on file in the Department of Land Management describing said lot.

Plaintiff called two main witnesses in the case, the widower, Pedro Mendiola, and the agent of the plaintiff, William (Buddy) Lujan. The plaintiff himself had no first-hand knowledge of the facts in this case since all dealings had been made by his agent, Buddy.

According to the testimony of Pedro Mendiola, sometime in the latter half of 1965 he and Maria had gone to Buddy Lujan's real estate office to ask him to do a survey of Lot No. 5243 and divide it into 10 parcels so that it could be registered and divided among their 10 children. According to Pedro, Buddy said that he would do the survey if they would sell him about 2 hectares of land for $2,000 and if they would pay him $1,500 for the survey. Buddy paid Maria a total of $1,500 before she died and two days after her death he paid Pedro $500. However, no survey was

435

evidently done and no map was ever given to the Mendiolas. The Mendiolas never paid Lujan $1,500. At the time Buddy was sharing office space with a surveyor by the name of Mr. Carolina.

According to the testimony of Buddy Lujan, Maria Mendiola came to him in 1965 and asked him if he wanted to buy 2 hectares of land for $2,000. He agreed and she gave him the deed. He wrote in the lot number 5243-1-2 because he saw that lot number on a map prepared by Mr. Carolina; however, he does not know where that map is or where Mr. Carolina is. No mention was ever made of a survey, and he has no knowledge of a survey. According to Buddy, the verbal contract was a contract only for the purchase of land.

## FINDING OF TRIAL COURT

The trial court concluded that the plaintiff should have and recover from the defendants 20,532.95 square meters of land located in the southeastern portion of basic Lot No. 5243. (There was evidence that the 2 hectares which Maria intended to transfer to plaintiff was in the southeastern portion of her land. This was oral evidence presented by Pedro Mendiola and Buddy Lujan.)

## ISSUES ON APPEAL

Appellants contend that the trial court committed error by admitting the deed into evidence, and that the trial court should have declared the deed to be of no effect and void since the description of the land in the deed is not complete.

## DECISION OF THE TRIAL COURT
## SHOULD BE REVERSED

Appellants have pointed to two California cases which are directly on point, *Saterstrom v. Glick Bros. Sash, Door, & Mill Co.*, 5 P.2d 21 (District Court of Appeal, California,

1931), and *Scott v. Woodworth*, 167 P. 543 (District Court of Appeal, California, 1917). Both cases involved a quiet title action. The sole basis of the quiet title action in both cases was a deed. In both cases, the deed was held not to adequately define the land conveyed. In *Scott*, the description contained everything except a westerly boundary. The court held that the deed description was too vague to locate the property and was of no effect:

> To be valid on its face, a deed must contain such a description of the real-property thereby intended to be conveyed as will enable the property to be readily located by reference to the description. It is true that the description by boundaries may be ambiguous or indefinite, and still the deed sufficient if it otherwise provides means whereby the description can be made certain and the land identified and located. Where, however, the description is so vague or uncertain that the property cannot be identified and located therefrom, and the writing itself does not furnish the means whereby the description may be made sufficiently definite and certain readily to locate the property, then the instrument must be held void, since the imperfections of the description cannot be supplied through evidence extrinsic to the writing itself without running up against the positive mandate of the rule that a conveyance of real property must be in writing . . . .

In *Saterstrom*, the description of the property to be conveyed was accurate and complete except for the fact that the name of the county in which the property was located was accidentally omitted. Again, the court struck down the deed, held it void and refused to quiet title in the hands of the plaintiff. The court did not allow any use of extrinsic evidence to show in what county the property was located.

Perhaps, plaintiff should have brought an action for specific performance or to reform a deed but he did not.

The decision of the trial court is hereby reversed and the deed in question is declared void and of no effect. The case is further remanded to the Superior Court with directions to enter judgment against defendants in the amount of $2,000.