## WILLIAM BOSWORTH *v.* CHARLES DANZIEN.

DESCRIPTION OF PROPERTY IN TAX PROCEEDINGS. — Neither an assessment for taxes nor a tax deed are necessarily void because, in describing the land assessed, a false call has been inserted in the description in the assessment roll or tax deed.

DESCRIPTION OF LAND IN ASSESSMENT ROLL.—An assessment of land is not void by reason of mistake in description, unless it contains such a falsity in the designation or description of the land assessed as might probably mislead the owner and prevent him from ascertaining that his land had been assessed.

NORTHERLY MEANS NORTH.—The term "northerly," when used in a grant or conveyance, unless controlled by monuments mentioned in the description, means due north.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*E. A. Lawrence,* for Appellant.

*J. I. Papy,* for Respondent.

By the Court, SHAFTER, J.

This is an action of ejectment brought to recover the possession of certain lands situate in the City and County of San Francisco. The case was tried by the Court, and the plaintiff appeals from the judgment rendered against him and from an order denying his motion for a new trial.

In the description of the premises, as set forth in the complaint, the initial point and the first two courses therefrom are described as follows: " Commencing at the northeasterly corner of Center and Guerrero streets, running thence easterly on Center street ninety feet; thence at right angles northerly," etc.

The plaintiff claimed title to the premises by virtue of a tax deed executed to him under the Revenue Act of 1857. When the deed was offered in evidence it was objected to by the defendants as inadmissible, " because the deed does not describe the land by metes and bounds, and the description is fatally defective in calling for wrong streets, and the lines cannot be made to meet."

The deed was admitted by the Court subject to the objections, and from the findings we must conclude that the Court, in the end, excluded the deed as being void upon its face. The error assigned relates to the correctness of that ruling.

We would here remark that this case was not argued at the bar, nor has there been any brief filed for the respondents in support or in explanation of the objection taken to the deed at the trial, and we are therefore under the necessity of divining its real import and drift as we best may.

The deed recites that the land purchased by the plaintiff at the tax sale was a part of a larger tract " assessed, levied upon and advertised," and then proceeds to describe the part purchased, by metes and bounds; and on comparing the

38

description with the description given in the complaint of the premises demanded we find them to agree in every particular.

The deed also recites the description of the larger tract as given in the assessment roll and advertisement. The point of beginning and the first course and distance therefrom, are described as follows: " Lot commencing on the northeasterly corner of Center and Guerrero streets, thence easterly on Corbett street, two hundred feet, thence at right angles northerly," etc.

It will be observed that the description in the assessment roll begins at the northeasterly corner of Center and Guerrero streets and runs thence easterly on Corbett street two hundred feet, and that in the description of the land sold and conveyed, the same line is described as beginning at the same point, running easterly therefrom on Center street.

The Court has found in effect that a line drawn easterly, that is, due east, (1 John. 156 ; 3 Caines, 293,) from the corner named, would run along Center street in fact, and furthermore it is impossible that it should be otherwise—the corner, the direction of the streets toward the cardinal points, and their consequent intersection at right angles being given.

We here assume the true point of the respondent's objection to the validity of the deed to be, that the description of the south line of the tract assessed is contradictory in fact, and, not being true to the whole extent of the terms used, that the assessment is utterly void as matter of law. The counsel of the appellant, meeting the case in this aspect of it, seeks to defeat this consequence on the ground that the false call in the description of the property as listed, may be rejected as surplusage.

1. Where, in case of a deed voluntarily executed by the owner of land, it appears upon applying the instrument to its subject matter, the description in it is true in part, but not true in every particular, so much of the description as is false will be rejected, and the instrument will take effect if a sufficient description remains to ascertain its application. *Falsa demonstratio non nocet cum de corpore constat.* (*Smith* v. *Gal-*

*loway*, 5 B. & Ald. 43, 51.) In such case evidence of *res gestæ* will be received for the purpose of ascertaining the intention of the parties, and giving to it a complete effect and operation.

But tax proceedings are *in invitum*. The land owner intends nothing. The Government, acting after its own methods and through its own agents, seeks to enforce the collection of a tax which it has imposed upon the citizen; and it follows that if a false description in a tax deed or assessment roll can be rejected as surplusage, it cannot be for the reason that it is necessary that it should be so dealt with in order that the intention of parties may be fulfilled. It does not, however, follow that a false call occurring in an assessment roll is to be retained to the entire overthrow of the tax title, because it cannot be rejected for the particular reason above stated.

It not unfrequently happens that a case arises, not in all respects within the beneficial operation of one rule of law, but which may be manifestly within the saving operation of another, going upon broader conditions. The maxim, " *Ut res magis valeat quam pereat*," is a canon, with reference to which, not only contracts and wills are to be construed, but statutes also—passed, as they are, without any direct co-operation or assent on the part of the citizen. The spirit of the maxim is that nothing should be destroyed merely for the sake of destruction. We have not, by our own examination, been able to find any adjudged case in which it has been held that a false call in an assessment roll, advertisement or tax deed, necessarily vitiates a tax title. The rule as given in *Tallman* v. *White*, 2 Comst. 66, is as follows: "An assessment of land is fatally defective and void, if it contains such a falsity in the designation or description of the parcel assessed, as might probably mislead the owner and prevent him from ascertaining by the notices, that his land was to be sold or redeemed. Such mistake, or falsity, defeats one of the obvious and just purposes of the statute—that of giving to the owner an opportunity of preventing the sale by paying the tax." We accept the above decision, not more on the authority of

the Court by which it was pronounced, than on our entire conviction that it is correct in principle.

The test, then, to which every false call occurring in the course of tax proceedings is to be subjected, is this: Has it probably had the effect to mislead the landowner in relation to the land assessed, advertised and sold?

In the case at bar, the description in the assessment roll begins at a point fixed with entire precision, and runs therefrom due east two hundred feet. The superadded description of that line—"along Corbett street"—was not, in our judgment, calculated to mislead the landowner, and for the manifest reason that it was impossible that the call should be true. The call was not only false, but absurd, and that, too, in the light of facts appearing on the face of the general description of the corner and line.

Judgment reversed and new trial ordered.          /