[Sac. No. 4912. In Bank.—September 30, 1935.]

CHARLES E. TREZONA, Appellant, v. A. H. TICKELL et al., Respondents.

Vernon Stoll and Harry A. Encell for Appellant.

C. F. Metteer and Nilon, Hennessy & Kelly for Respondents.

LANGDON, J.—This is an action to quiet title and cancel a tax deed. Defendant had judgment and plaintiff appealed.

Plaintiff was the owner of a mining claim in Nevada County. In 1929, the Nevada Irrigation District levied an assessment against the property in the sum of $3.15. This was not paid, and a sale was had, following which the district gave a deed of the property to defendant. Plaintiff claims that the proceedings were invalid and that the deed is void because the property was not correctly described in the assessment.

The assessment described the land as "Quartz Mining Claim formerly known as the Sneath & Clay, being Mineral Lot No. 73 except portion of surface thereof in W½ in Sec. 1, Tp. 16 N., R. 9E." The acreage was given as "20.72".

The actual acreage of the property was 20.33, and the land was in section 18, not section 1. Plaintiff contends that these errors invalidate the proceedings. In our opinion they do not.

The description of the property in an assessment by an irrigation district must be such as to afford the owner the means of identification, and must not be calculated to mislead him. An erroneous element, such as a false call, which may be disregarded and still leave a sufficient description, and which has not probably misled the owner, will not invalidate the proceedings. (*Jacoby* v. *Wolff*, 198 Cal. 667 [247 Pac. 195]; *Reclamation Dist. No. 673* v. *Diepenbrock*, 168 Cal. 577 [143 Pac. 763]; *Best* v. *Wohlford*, 144 Cal. 733, 736 [78

434

Pac. 293]; *Bosworth* v. *Danzien,* 25 Cal. 296.) The acreage, under section 35 of the California Irrigation District Act, need only be an estimate. (2 Deering's Gen. Laws, 1931, Act 3854, p. 1979.)

In the instant case several qualified experts, two surveyors and an abstractor of titles, testified for defendant. It appears from their testimony that the land in question was commonly known by the descriptive name of "Sneath and Clay Quartz Mining Claim"; that any qualified surveyor could identify it by such name; that in the county books of patent records it is designated as "Mineral Lot Number 73", and its boundaries are described in such records; that it is the practice of the United States Land Department to use a particular mineral lot number only once in a township, and that there is no other lot 73 within the township and range in which the land is located.

In the light of the authorities cited above, the property was adequately described by its common name and mineral lot number; the designation of the section number was unnecessary for identification, and the error therein could not have misled plaintiff. The proceedings were therefore valid and the deed to defendant was not void.

The judgment is affirmed.

Thompson, J., Seawell, J., and Waste, C. J., concurred.