FELKER *v.* BOARD OF COMMISSIONERS, PAVING DISTRICT NO. 13.

4-6317                                        150 S. W. 2d 55

Opinion delivered April 21, 1941.

*Duty & Duty* and *E. M. Arnold,* for appellant.

*Claude M. Williams* and *Vol T. Lindsey,* for appellee.

HUMPHREYS, J. Paving Improvement District No. 13, Rogers, Arkansas, was formed in the year 1927, and benefits were assessed on account of the improvement against each parcel of property embraced within the district. In assessing the benefits against certain property belonging to J. E. Felker it was described as the north

half, block 12, Duckworth's Addition to Rogers, Arkansas, and the total benefits assessed against it amounted to $1,400 under that description. That description was carried on the books of the district until and through the year 1931. In the year 1931, through a clerical mistake in transposing the descriptions of the property to another book the description was changed to read the north half of lots 1 and 2 in block 12, Duckworth's Addition to Rogers, Arkansas, and was then carried on the books of the district until December 28, 1937, under the latter description at which time the commissioners of the district, by written instructions to the collector of the district, had the description changed to read the north 198 feet of block 12, Duckworth's Addition to Rogers, Arkansas. Appellant paid the taxes assessed against his property under the description of the north half, block 12, Duckworth's Addition to Rogers, Arkansas, as long as it was carried on the district's books under that description and then paid one year's taxes assessed against his property after the description was changed on the books of the district through clerical error to the north half of lots 1 and 2, block 12, Duckworth's Addition to Rogers, Arkansas, and he neglected to pay the annual assessments thereafter and failed to pay any assessments extended against the property for the years 1933 to 1940, inclusive. On the first day of April, 1937, appellant filed a protest with the mayor and city council of the city of Rogers to reduce his assessment. His letter is as follows:

"To the Mayor, Hon. E. W. Vinson, and the City Council of the City of Rogers, Benton county, Arkansas:

"Comes J. E. Felker and files this his petition as to assessment of benefits against his property in the above mentioned district, hereinafter described, and petitions your Honorable Body to adequately reduce same; petitioner's being described as follows:

"North one-half of block 12 in Duckworth's Addition to the town of Rogers.

"Your petitioner represents, under the purported reassessment on said property as returned by the assessors

for 1937, the assessment is $1,400, which is now on file with the recorder of the city of Rogers; that the same is not equally and ratably assessed as other property in the district, but that same is much higher in assessment than the other property in the district.

"This 1st day of April, 1937.

"J. E. Felker,

"By Duty & Duty,

"His attorneys."

In this letter he describes the property owned by him as the north half of block 12 in Duckworth's Addition to Rogers, Arkansas. The assessment seems not to have been reduced on his application. At this time he had not discovered that his property through clerical error had been described as the north half of lots 1 and 2 in block 12, Duckworth's Addition to the town of Rogers, Arkansas, instead of the north half of block 12 in Duckworth's Addition to the town of Rogers, Arkansas, as it was described in the original formation of the district.

The deed which Felker received from a man by the name of Bailey to the property dated the 6th day of March, 1909, described the property as beginning 16 feet west from the northeast corner of block 12, Duckworth's Addition to the town of Rogers, Arkansas, and running thence west 236 feet; thence south 198 feet; thence east 236 feet; thence north 198 feet to the place of beginning.

The board of commissioners of Paving District No. 13 of Rogers, Arkansas, filed this suit in the Benton chancery court, December 11, 1937, to collect past due taxes which had been annually assessed and levied against certain real estate within the district owned by different property owners, which included real estate owned by the appellant, J. E. Felker, and to have a lien declared against the real estate and foreclosure of the lien in the amount of the taxes past due together with a penalty and interest and a sale of the property.

On May 2, 1940, appellee filed an amendment to the complaint setting out the facts that the betterment assessment for benefits when the district was organized was against the north half of block 12 in Duckworth's Addition to the town of Rogers, Arkansas, and that this description was used from the year 1927 to the year 1931, inclusive, and that thereafter until the year 1937 it was carried on the books through clerical error as the north half of lots 1 and 2 in block 12, Duckworth's Addition to Rogers, Arkansas, at which time the commissioners inspected appellant's deed and found that the property was described by metes and bounds therein and directed the collector of the district to change the description so as to read the north 198 feet of block 12, Duckworth's Addition to Rogers, Arkansas.

Appellee alleged further that each year the assessors actually assessed the real estate either as the north half of block 12 or the north 198 feet of block 12 and asked the court to reform the record made by the scrivener through inadvertence in describing it as the north half of lots 1 and 2, Duckworth's Addition so as to describe it either as the north half of block 12 or the north 198 feet of block 12 in Duckworth's Addition to the city of Rogers, Arkansas, and to decree a lien thereon for the delinquent taxes in the total sum of $740.60.

Appellant filed an answer to the complaint and amended complaint admitting that he was the owner of the north 198 feet of block 12 in Duckworth's Addition to the city of Rogers, Arkansas, and against which a judgment and lien for delinquent taxes is sought, and that he owned same at the time of the formation of the district, but denied that same was correctly described so that assessments of benefits against same created a lien thereon, and also denied that the court had jurisdiction to correct the description and alleged that the assessed benefits against the property were unfair, inequitable, illegal, discriminatory and confiscatory.

The cause was submitted to the court upon the pleadings and testimony introduced by the parties covering every step taken from the formation and creation of the

district down to the time of the submission of this case with the result that the court found that appellant owned the north 198 feet of block 12 in Duckworth's Addition to the city of Rogers, Arkansas; that this description was substantially the same description as the north half of block 12 in Duckworth's Addition to the city of Rogers, Arkansas, and that the assessment of benefits were made against the same piece of property and the apportionment of benefits was extended each year against the same property; that from and after the year 1932 to and including the year 1937 it was carried on the books of the district under the description of the north half of lots 1 and 2 in block 12 of Duckworth's Addition to the city of Rogers, Arkansas, through the mistake and inadvertence of an employed scrivener in transferring the property from one book to another, and that after the year 1937, it was carried on the book under the description of the north 198 feet of block 12 of said addition by direction of the board of commissioners.

Based upon the finding aforesaid the court decreed a reformation of the error made by the scrivener in carrying forward the description on the district assessment records for the years 1932 to 1937, inclusive, so as to have the description read the north 198 feet of block 12 in Duckworth's Addition to the city of Rogers, Arkansas, and declared a lien for the delinquent taxes for the years 1933 to 1940, inclusive, in the total sum of $740.60 against the north 198 feet of block 12, Duckworth's Addition to the city of Rogers, Arkansas, and decreed a foreclosure of the lien, from which findings and decree an appeal has been duly prosecuted to this court.

As we understand this record the north half of block 12 in Duckworth's Addition to the city of Rogers, Arkansas, was included within the boundary lines of Felker's deed from Bailey so when the district was formed Felker owned the north half of block 12 in said addition as well as a narrow additional strip running east and west across the block. Benefits were assessed against the north half of block 12 in said addition in the total sum of $1,400. This benefit assessment was appor-

tioned over a long period of time, only a certain per cent. thereof being payable each year. These were the only benefits ever assessed against the north half of block 12 of said addition. No benefits were assessed against the additional narrow strip of land embraced in the boundaries of Felker's deed. Just why they were not assessed against the strip of land also does not appear from the record.

Appellant contends that the assessment of benefits was void because they were laid upon land by an indefinite and uncertain description and he cites in support of his contention § 916 of Sloan on Improvement Districts, which is as follows: "A description of the land assessed is an essential part of the assessment record, especially when the assessment is made *in rem* and not *in personam.*"

We agree that in assessing benefits to land in improvement districts the assessments are made against the lands and not against the owner thereof. That being the case the description is essential and must be a correct description. The description must be such as "will fully apprise the owner without recourse to his superior knowledge peculiar to him as owner; that the particular tract of land is sought to be charged with a tax lien. It must be such as will notify the public what lands are to be offered for sale in case the tax be not paid." *Brinkley* v. *Halliburton,* 129 Ark. 334, 196 S. W. 118, 1 A. L. R. 1225; *Buckner* v. *Sugg,* 79 Ark. 442, 96 S. W. 184. Other cases might be cited to the same effect, but it is unnecessary as the courts are unanimous in the opinion that no lien is created by reason of an assessment of taxes against property unless the description is accurate and correct on the assessment books. The reason of course is that the proceeding is one *in rem* against the land and not *in personam,* against the owner thereof.

We differ from appellant when he contends that the north half of block 12 in Duckworth's Addition to the city of Rogers, Arkansas, is not a definite, certain and accurate description. On the contrary, it is such a correct and certain description as will notify the public

what land will be sold or offered for sale in case the tax will not be paid.

From the description employed in making the assessment, Mr. Felker could not help but know and he did know what land benefits were assessed against. He paid the improvement taxes under the assessment against the north half of block 12 in Duckworth's Addition to the city of Rogers, Arkansas, for four years and also paid an additional year's taxes after the scrivener through inadvertence in transferring the particular piece of property as the north half of lots 1 and 2 in block 12 in Duckworth's Addition to the city of Rogers, Arkansas. And in 1937, when he complained to the city council that benefits assessed were out of proportion to benefits assessed against the property of others near his property, he described his property as the north half of block 12 in Duckworth's Addition to the city of Rogers, Arkansas.

There was only one assessment of benefits against his property which property was described correctly, accurately and certainly as being the north half of block 12 in Duckworth's Addition to the city of Rogers, Arkansas.

He never appealed from the benefits assessed against the property under the description of the north half of block 12 in Duckworth's Addition to the city of Rogers, Arkansas, within the time allowed by statute, although he now answers as a reason why he should not pay the delinquent assessment taxes that the assessment benefits against the land were unfair, inequitable, illegal, discriminatory and confiscatory. The property has never been sold or offered for sale for delinquent taxes until this suit was brought and appellant can not at this late date collaterally attack the assessment of benefits against his lands under a correct and accurate description.

This court said in the case of *Osborn, et al.* v. *Board of Improvement of Paving Improvement Dist. No. 5 of the City of Fort Smith,* 94 Ark. 563, 128 S. W. 357, that: "The questions of the benefit to particular property to

be derived from a particular improvement, and the correctness of the assessments levied thereon, are concluded, except for fraud or demonstrable mistake, by the action of the city council in establishing the district and of the assessor in assessing each piece of property, unless set aside in a proceeding instituted within thirty days after publication of the ordinance levying the assessments."

No fraud is alleged and none proved. No demonstrable mistake was made in making the assessment for benefits against the property in 1927 when the district was formed. On this collateral attack the only defense appellant could possibly make to the payment of delinquent taxes is that fraud was practiced or that a demonstrable mistake was made, neither of which appears.

No question is made as to the amount due against the land. The only material question in the case is whether the property was definitely and specifically described against which a lien was declared by the assessors for benefits to the particular property, and we find in this record that there was a definite, certain and correct description of the property at the time the lien was declared thereon.

The error the court made in this case was to declare a lien for the amount of delinquent taxes due against the north 198 feet of block 12 in Duckworth's Addition to the city of Rogers, Arkansas, instead of declaring the lien on the particular land described which particular and correct description was the north half of block 12 in Duckworth's Addition to the city of Rogers, Arkansas.

We see no reason why the court could not reform the descriptions which were carried on the books erroneously through the inadvertence and mistake of the scrivener in transferring the descriptions to another book.

On account of the error indicated in declaring the lien upon the north 198 feet in block 12 in Duckworth's Addition to the city of Rogers, Arkansas, instead of declaring the lien against the north half of block 12 in Duckworth's Addition to the city of Rogers, Arkansas,

the decree is reversed and remanded with directions to declare the lien for delinquent taxes due against the north half of block 12 in Duckworth's Addition to Rogers, Arkansas, and to foreclose same, unless paid within sixty days, against the north half of said block.

SMITH and McHANEY, JJ., dissent.

SMITH, J. (dissenting). The majority correctly say, as the court below found the fact to be, that the betterments to Felker's lot, whatever the correct description thereof may be, amounted to $1,400. There has been no change in this assessment of the betterments.

Felker's lot is a part of block 12, the dimensions of which block are 371 feet north and south and 252 feet east and west. Felker owns the north 198 feet of this block 12. His property was first assessed as the north half of block 12, which would be only one-half of 371 feet, or 185.5 feet. This description is incorrect, because Felker owns, not 185.5 feet, but 198 feet, so that 12.5 feet of Felker's lot are omitted when the description north half of block 12 is employed. If Felker paid the tax on north half of block 12 there would, of course, be 12.5 feet of his land on which he did not pay. The court properly held that the description "north half of block 12" did not correctly and accurately describe Felker's land. The description "north half of block 12" had been changed, apparently without any authority or reason for that action, to read "north half of lots 1 and 2, block 12." The court correctly held this description inaccurate, for the reason that block 12 has not been divided into lots.

These errors are obvious, as the court below found, and were corrected by the commissioners by describing Felker's lot as the "north 198 feet of block 12," which is an accurate and correct description. *Watson* v. *Crutcher*, 56 Ark. 44, 19 S. W. 98.

The effect of the majority opinion is to require Felker's lot to be sued on under an inaccurate description for the nonpayment of betterment assessments about the amount of which there is no question. By reversing the decree of the court below it has been ordered that Felker's lot be sued on under an incorrect description. He

will pay the same amount of taxes under either description, but the majority opinion will require the taxes to be sued on under a description which does not cover all of Felker's lot. Payment of the taxes under the description employed in the decree would give the owner a receipt showing that he had paid taxes on all of block 12 which he owns. Payment under the description which the majority opinion requires to be employed will leave a strip extending across the lot 12.5 feet wide on which the taxes will not be paid. If the owner wishes to pay his taxes before sale, or to redeem after the sale, a description should be employed which will afford him protection. If, however, his land is sold and not redeemed, the tax purchaser should know what land he had bought.

The decree of the court below, which conforms to the views here expressed, is, in my opinion, correct, and should be affirmed.

I am authorized to say that Justice McHANEY concurs in this dissent.