Filed 10/31/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MTC FINANCIAL INC., | |
| Plaintiff, | G056234 |
| v. | (Super. Ct. No. 30-2017-00954145) |
| CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION, | O P I N I O N |
| Defendant and Respondent; | |
| RAJINDAR MEHTA, | |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Robert J. Moss, Judge. Affirmed.

Winters Law Firm and Dennis Winters for Defendant and Appellant.

Xavier Becerra, Attorney General, Diane S. Shaw, Assistant Attorney General, Lisa W. Chao and Charles Tsai, Deputy Attorneys General for Defendant and Respondent.

\*       \*       \*

Proceeds remaining after a home foreclosure sale were deposited with a trial court due to competing claims to the proceeds. A primary dispute between the claimants was whether a first in time trust deed sufficiently described the foreclosed property. Among other things, the court found the description was insufficient and the trust deed therefore void. It entered judgment in favor of a next in time state tax lien. Finding no error in the result of the judgment, we affirm.

I

FACTS AND PROCEDURAL HISTORY

In 2017, a foreclosure sale for the home (the property) of Kamini and Anand Chopra (collectively, the Chopras) was conducted by MTC Financial Inc. (the trustee). Following an initial distribution of the sale proceeds, the trustee determined there was a conflict between outstanding claims to the remaining proceeds (the surplus fund). The trustee deposited the fund with the trial court so it could determine the claimants' respective priorities pursuant to Civil Code section 2924j, subdivisions (c) and (d).[1] Among the claimants was appellant Rajindar Mehta, the grantee of a 2004 deed of trust signed by the Chopras (the trust deed). Mehta claimed his trust deed was senior in priority because it was created first in time relative to the outstanding claims to the fund. Respondent, the California Department of Tax and Fee Administration (the Tax Department),[2] disputed Metha's claim and contended that its 2008 tax lien against Kamini Chopra had senior priority as next in time because, among other things, the trust

---

[1] All further undesignated statutory references are to the Civil Code.

[2] None of the other claimants at the trial court level is a party to this appeal.

deed was void and unenforceable based upon its insufficient legal description of the property.[3]

A. *The Ambiguous Trust Deed*

The trust deed's legal description of the property contains multiple points of inaccuracy or ambiguity: (1) the lot number of "68" is incorrect (it should be "88"); (2) the book page number of "810-11" is incorrect (it should be "1-11"); (3) the city of the property is not identified; and (4) regarding the county where the property is located, the description only reads "said county," although a preceding information field does state the correct "Orange County."

At the same time, the trust deed references an assessor's parcel number, which matches the number identified for the property according to attachments to the trustee's petition which was filed with the deposit of the surplus fund.[4] The attachments include two copies of a purported assessor's map denoting information that could correspond to the trust deed's legal description of the property. For example, the map purports to depict a "Tract No. 9268," which is the tract described in the trust deed. Ambiguously, however, both numbers "68" and "88" (respectively, the incorrect lot number listed in the trust deed and the true lot number that should have been listed) appear at different locations on the map. Neither Mehta nor the Tax Department discussed this map in their briefs, either at the trial court level or on this appeal.

---

[3] The Tax Department also argued, as it does on appeal, that the trust deed was not supported by consideration. We do not discuss the issue in this opinion.

[4] An assessor's parcel number, also referred to as an "'APN' . . . is a numerical identifier associated with a particular piece of property for property tax assessment purposes." (*Cafferkey v. City and County of San Francisco* (2015) 236 Cal.App.4th 858, 861, fn. 2.)

3

*B.  The Trial Court's Judgment in Favor of the Tax Department*

After conducting two hearings, the trial court found in favor of the Tax Department.[5]  Among other things, the court determined the Tax Department's tax lien claim to have priority over Mehta's claim because the trust deed contained a fatally defective legal description of the property and Mehta had failed to produce evidence of actually lending money to the Chopras, as the trust deed purported.[6]  The order also stated:  "As for the assessor's parcel number appearing on the face of the [trust deed], there is no evidence that such number is the correct assessor's parcel number assigned by the Orange County Assessor to the subject real property, especially given the other erroneous information appearing in the deed of trust."  A judgment for the Tax Department was entered and this timely appeal by Mehta followed.

II

DISCUSSION

*A. Standard of Review and Relevant Law*

Mehta argues the trial court erred in finding the trust deed void.  Mehta does not discuss what standard of review should be applied to his appeal whereas the Tax Department contends a substantial evidence standard is appropriate.  With respect to the

---

[5] No reporter's transcript was included in the record.

[6] The procedural history of the trial court proceedings is complicated by the fact that the Chopras themselves initially disputed the validity of Mehta's trust deed.  Specifically, the Chopras initially claimed the trust deed had not been delivered as a matter of law, had been made without full consideration, and insufficiently described the property.  According to a minute order, the trial court continued the initial hearing to determine senior priority to the surplus fund and ordered Mehta to submit documentary evidence of money loaned to the Chopras in exchange for the trust deed.  In its final ruling, the court noted Mehta's failure to comply with its order.  Based upon our disposition of this appeal *infra*, Mehta's failure to produce the evidence ordered is immaterial to this appeal and therefore not discussed in this opinion.

4

trial court's judgment being based upon an interpretation of the trust deed without the aid of extrinsic evidence, we review the trial court's determination de novo for an error of law. (See *City of Manhattan Beach v. Superior Court* (1996) 13 Cal.4th 232, 238 [finding that unless the interpretation of a written instrument turns upon the credibility of extrinsic evidence, de novo review is proper]; see also *Pou Chen Corp. v. MTS Products* (2010) 183 Cal.App.4th 188, 192 [finding that de novo review applied to the determination of the relative priorities between contractual liens and an equitable offset based upon an assigned judgment].) For any finding of fact by the court, "'[w]e apply a substantial evidence standard of review . . . [where] findings of fact are liberally construed to support the judgment and we consider the evidence in the light most favorable to the prevailing party, drawing all reasonable inferences in support of the findings.'" (*Integrated Lender Services*, *Inc. v. County of Los Angeles* (2018) 22 Cal.App.5th 867, 875.) Mehta, as the appellant, has the burden of demonstrating the trial court erred. (*Allen v. Liberman* (2014) 227 Cal.App.4th 46, 53.)

Well-established principles for determining the relative priorities of property interests are implicated. This state observes a "first in time, first in right" system of lien priorities where, generally, competing enforceable interests have priority among themselves "according to the time of their creation." (§ 2897.) As to determining the enforceability of such interests, a trust deed must sufficiently describe the property securing it to be enforceable. (*Saterstrom v. Glick Bros. Sash, Door & Mill Co.* (1931) 118 Cal.App. 379.) "To be sufficient the description must be such that the land can be identified or located on the ground by use of the same." (*Edwards v. Santa Paula* (1956) 138 Cal.App.2d 375, 380.) "[A] description that is equally applicable to two different parcels is fatally defective." (*Id.* at p. 382.)

*B. The Tax Department's Standing*

Mehta contends the Tax Department lacked standing to challenge the trust deed.  We are not persuaded.  "'"To have standing, a party must be beneficially interested in the controversy; that is, he or she [or it] must have 'some special interest to be served or some particular right to be preserved or protected over and above the interest held in common with the public at large.' [Citation.]  The party must be able to demonstrate that he or she has some such beneficial interest that is concrete and actual, and not conjectural or hypothetical."'"  (*City of Palm Springs v. Luna Crest Inc.* (2016) 245 Cal.App.4th 879, 883; see *Mendoza v. JPMorgan Chase Bank, N.A.* (2016) 6 Cal.App.5th 802, 810 [wrongful foreclosure borrower must demonstrate standing by alleging a "'beneficial interest'" that was "'"concrete and actual, and not conjectural or hypothetical"'"].)  Mehta does not challenge this general principle but argues the Tax Department lacked standing in this case because it was not a party to the transaction that created the trust deed at issue.  Specifically, Mehta cites to *Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394 (*Rosenthal*) and *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919 (*Yvanova*), to argue his trust deed was immune from challenge by the Tax Department because it was ratified as a transaction that was merely voidable, since "fraud in the execution or other illegality" had not been shown to render it void.

The argument fails because, while *Rosenthal* does stand for a proposition that a fraud in the "'execution'" or "'inception'" of a contract will render it void (*Rosenthal*, *supra*, 14 Cal.4th at p. 415), it does not follow that fraud is the *only* ground upon which a document can be found void.  Indeed, the contrary is demonstrated by well-established authorities—some cited to by the Tax Department in its respondent's brief and the trial court in its ruling in this case—where defects in property descriptions rendered deeds void without any connection to fraud-related claims.  (E.g., *Edwards v. Santa Paula*, *supra*, 138 Cal.App.2d at pp. 380-381; *Saterstrom v. Glick Bros. Sash, Door & Mill Co.*, *supra*, 118 Cal.App. at p. 381.)  In other words, Mehta's citation to

6

*Rosenthal* does not demonstrate his proffered argument that the trust deed was merely voidable due to a lack of "fraud in the execution or other illegality."

As a result, Mehta's attempt to rely upon *Yvanova*—to argue that he and the Chopras subsequently ratified the trust deed—fails for not demonstrating its logically necessary premise of a voidable (as opposed to void) trust deed. Moreover, while it is true the analysis in *Yvanova* involved the concept of a voidable transaction being capable of ratification by one or more of its involved parties (*Yvanova*, *supra*, 62 Cal.4th at p. 930), we note the *Yvanova* court expressly limited its scope of review to "action[s] seeking remedies for *wrongful foreclosure*." (*Id*. at p. 934.) We further note *Yvanova* stands for a narrow holding that "a wrongful foreclosure plaintiff" can have standing to challenge a foreclosing entity's assigned interest where such assignment was void and not merely voidable. (*Id*. at p. 935.) In sum, Mehta has not demonstrated the trust deed was immune from a challenge by the Tax Department based upon *Rosenthal* and *Yvanova*.

We are also not persuaded by Mehta's contention that the Tax Department lacked standing to challenge the trust deed because it was not a bona fide purchaser or encumbrancer. Mehta cites to the general proposition that "[r]ecordation is not essential to the validity of a real mortgage, but only affects its priority as against subsequent bona fide purchasers or encumbrancers." (4 Witkin, Summary of Cal. Law (11th ed. 2017) Secured Transactions in Real Property, §52, p. 844.)[7] Mehta asserts this general rule should be applied to his "allegedly defectively recorded" trust deed, but he does not provide any authority or reason as to why. In other words, Mehta's contention fails because he does not demonstrate why his proffered rule regarding recordation status of a

---

[7] Mehta cites also to *Overton v. Schmitt* (1936) 7 Cal.2d 163; *Wells Fargo Bank v. PAL Investments, Inc.* (1979) 96 Cal. App.3d 431; and 5 Miller and Star, California Real Estate (3d ed. 2000) section 11:114.

7

trust deed controls the issue of the Tax Department's standing in this case.[8] The enforceability of Mehta's trust deed was not and is not disputed based upon whether it was recorded.

Mehta has failed to demonstrate the Tax Department lacked standing to challenge his trust deed. The Tax Department's asserted tax lien—which is only challenged with respect to its priority relative to Mehta's trust deed—demonstrated a "'"concrete and actual"'" interest "'"to be preserved and protected over and above the interest held in common with the public at large."'" (*City of Palm Springs v. Luna Crest Inc.*, *supra*, 245 Cal.App.4th at p. 883.)

## C. Mehta's Independent Burden of Proof

Next, Mehta contends he should have prevailed at the trial court level because the Tax Department failed to meet its burden of proof. We disagree. Given that the statutory framework for a hearing conducted under section 2924j, subdivisions (c) and (d), does not specify who bears burdens of proof (§§ 2924j, 2924k), we hold that each claimant in such a dispute has their own burden to prove each fact essential to their claim. (Evid. Code, § 500.) Both Mehta and the Tax Department had independent burdens to prove their claims of senior priority to the fund. (See *State Farm Mutual Automobile Ins. Co. v. Huff* (2013) 216 Cal.App.4th 1463 [court discusses the history of courts applying a burden of proof pursuant to Evidence Code section 500 in interpleader actions].) Since the validity of the Tax Department's tax lien is not disputed in this

---

[8] In the same vein, Mehta also cites to section 1214 in his opening brief, to contend that a "subsequent lienholder only gets priority over [an] unrecorded trust deed if the subsequent lienholder obtained the lien 'in good faith and for a valuable consideration.'" (Underlining omitted.) Section 1214 determines the priority of competing interests in a property based upon their recordation status. Again, Mehta does not demonstrate that the trust deed's recordation status controls the issues raised by his appeal, including the Tax Department's standing to challenge Mehta's trust deed.

appeal, this case is resolved by determining whether Mehta met his burden to show that his trust deed was an enforceable interest in the property.

*D. The Parcel Number, by Itself, Does not Resolve the Trust Deed's Ambiguity*

Mehta contends his trust deed sufficiently described the property because of the parcel number, address, and trustor names contained in it. We disagree. First, by noting that the trustor names (the Chopras) and address contained in the trust deed do not provide grounds for a sufficient property description in this case. The names have no logical relationship to whether the property is sufficiently described and the subject address is only listed as the address of the trustors (not the property). Accordingly, the only potentially valid basis for finding the property description to be sufficient, of the three offered by Mehta, is the parcel number contained in the trust deed.

While we find no reason to disagree that a parcel number could theoretically satisfy the law's requirement for sufficient legal description of a property, we also find a parcel number, by itself, does not necessarily demonstrate the actual, physical location of a property. Generally, such a number corresponds to an assessor's map (see *Cafferkey v. City & County of San Francisco*, *supra*, 236 Cal.App.4th at p. 861, fn.2), which is a type of map that does not have to necessarily correspond with the actual physical location of a property. (*Id.* at p. 869 [Parcel numbers assigned pursuant to Revenue & Tax Code section 327 "need not correspond with actual subdivisions, lots, tracts or other legal divisions or boundaries of land"].)

Additionally, in this case, the trust deed's legal description of the property refers to a "recorded" map in its legal description. This reveals another potential issue with respect to locating the property by its parcel number because a "recorded" map

9

could mean a certified parcel map[9] filed in the Orange County Clerk Recorder's Office. (See Gov. Code, § 66499.55.)  Given that a parcel map and assessor's map need not necessarily correspond to each other (*Cafferkey v. City and County of San Francisco*, *supra*, 236 Cal.App.4th at p. 872), even if the trust deed's parcel number correctly corresponds to a property depicted in a tax assessor's map (a fact which has not been demonstrated by Mehta), this would not necessarily establish what property the trust deed is describing in a certified parcel map.  In sum, the parcel number in this case, by itself, does not necessarily describe the property's actual, physical location so that it can be "identified or located on the ground."  (*Edwards v. City of Santa Paula*, *supra*, 138 Cal.App.2d at p. 380.)

*E.  No Extrinsic Evidence was Offered to Resolve the Ambiguous Trust Deed*

Mehta offers no demonstration of how the parcel number could have been used to locate the property.  He instead argues—as he did to the trial court—that "no parol evidence is needed to confirm [the trust deed] is a lien on this property."  Mehta's argument is incorrect.  The inaccuracies of the trust deed's legal description of the property created an ambiguity, which implicated a need for clarification by extrinsic evidence.  Indeed, in the relevant cases cited to by the parties, courts based their determinations regarding sufficient description of a property upon examinations of extrinsic evidence.  (See *Rogers v. McCartney* (1906) 3 Cal.App. 34, 35 [court examined recorded map to rule out possibility that the incorrectly listed book and page number in the inaccurate deed did not correspond to an actual lot and block number combination for another property]; see also *Edwards v. City of Santa Paula*, *supra*, 138 Cal.App.2d at pp.

---

[9] A parcel map is used to sell, lease, or finance property.  (See *Sixells, LLC v. Cannery Business Park* (2008) 170 Cal.App.4th 648, 652 [the Subdivision Map Act "'generally prohibits the sale, lease, or financing of any parcel of a subdivision until the recordation of an approved map in full compliance with the law'"].)

10

382-383 [court found description in tax deed insufficient because its reference to "'Map No. 20'" was unclear and extrinsic evidence did not clarify the description's references]; *Finn v. Goldstein* (1927) 201 Cal. 605, 608 [court examined extrinsic evidence describing property by metes and bounds and found the description corresponded to a differently worded description in the memorandum at issue].)

In contrast, no such extrinsic evidence was offered to the court in this matter. This left the trust deed's ambiguity unresolved with no demonstration that the property could be identified or located by the legal description of the trust deed. As a result, Mehta failed to carry his independent burden at the trial court level to prove that the trust deed's legal description of the property was sufficient to be enforceable. On appeal, with respect to the trial court's factual finding that there was no evidence demonstrating the sufficiency of the parcel number, Mehta's has failed to meet his burden under substantial evidence review to demonstrate that the "'evidence was (1) "uncontradicted and unimpeached" and (2) "of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding."'" (*Eriksson v. Nunnink* (2015) 233 Cal.App.4th 708, 733.) In sum, Mehta has not met his burden to demonstrate reversible error.

*F. Mehta's Arguments Regarding Notice of the Trust Deed*

Finally, we are unpersuaded that Mehta's assertions regarding notice of the trust deed should control the disposition of this appeal. Mehta asserts the indexing of the county recorder filing system provided effective notice of the trust deed to the Tax Department.[10] However, Mehta does not say how this point, even if shown, would impact the dispositive issue of whether the trust deed sufficiently described the property.

---

[10] Also, for the first time in his reply brief, Mehta cites to section 1207 as further support of his argument that notice of the trust deed existed. We do not consider this argument. (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764.)

11

This absence of meaningful discussion exists within a context of case law supporting a conclusion that if the trust deed was void, then notice of it achieved nothing for the purposes of determining the senior interest to the surplus fund.  (See *Vassault v. Austin* (1869) 36 Cal. 691, 700 ["We know of no principle justifying us in holding that the record of a deed, void as to any person, was notice to such person of anything, except, perhaps, of the existence of the void instrument"]; see also *Yvanova*, *supra*, 62 Cal.4th at p. 929 ["""A void thing is as no thing"""].)  In other words, Mehta has not persuaded us that any notice his trust deed may have imparted would outweigh the conclusion that the trust deed was void and unenforceable.  (See *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 ["An appellant must provide an argument and legal authority to support his contentions"].)

In sum, Mehta failed to carry his independent burden at the trial court level to show the trust deed's legal description of the property was sufficient to make it enforceable.  (Evid. Code, § 500.)  On appeal, Mehta has not carried his burden to demonstrate the trial court committed reversible error.  (*Allen v. Liberman*, *supra*, 227 Cal.App.4th at p. 53.)  Mehta is incorrect that no extrinsic evidence was needed to clarify the patent ambiguity of his trust deed's legal description of the property.  Accordingly, we have not been persuaded to disagree with the result of the trial court's judgment finding the trust deed unenforceable and the Tax Department's claim senior in priority as next in time of creation.  (§ 2897.)

12

### III

### DISPOSITION

The judgment is affirmed. Respondent is entitled to its costs on appeal.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


GOETHALS, J.