Filed 1/3/25
Opinion following rehearing

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JCCRANDALL, LLC,<br><br>   Plaintiff and Appellant,<br><br>v.<br><br>COUNTY OF SANTA BARBARA,<br><br>   Defendant and Respondent. | 2d Civ. No. B333201<br>(Super. Ct. No. 21CV04273)<br>(Santa Barbara County)<br><br>OPINION FOLLOWING<br>REHEARING |

     Many Californians have high expectations that cannabis is legal in California. This is a reasonable assumption because Civil Code section 1550.5 says so.

     We regret to inform that cannabis is illegal in California because federal law says so. Not to worry – our holding does not concern the sale or personal use of cannabis.

     Instead here we consider cannabis as it applies to easements.

     The county grants a conditional use permit (CUP) for the cultivation of cannabis. To issue a CUP, the county's land use code requires a finding that the streets and highways are adequate for the proposed use. A private easement over a

neighbor's land is the only access to the land subject to the CUP. The owner of the servient tenement objects to the use of his land to transport cannabis. The servient owner petitions for a writ of administrative mandate challenging the county's grant of the CUP. The trial court denies the petition. We reverse because under federal law cannabis is illegal in California and everywhere else in the United States. The servient tenant's objection on this ground is sufficient to defeat the CUP. That the possession and cultivation of cannabis have the imprimatur of legality in California is beside the point.[1][2]

FACTS

Santa Rita Holdings, Inc. applied to the County of Santa Barbara (County) for a CUP to cultivate cannabis. The cultivation would occur on 2.54 acres owned by Kim Hughes, as trustee of the Hughes Land Holding Trust (Hughes). Hughes consented to the cannabis cultivation. The cultivation project (Project) site is zoned for agriculture.

Under the County's Land Use and Development Code (LUDC), a CUP is necessary for cannabis cultivation. The issuance of a CUP requires that the County find streets and highways are adequate for the proposed use. An easement for ingress and egress across land owned by JCCrandall, LLC (JCCrandall) serves the Hughes parcel. The easement is the only access to the Hughes parcel. The easement was created by deed in 1998.

---

[1] JCCrandall, LLC's request for judicial notice, filed September 6, 2024, is denied.

[2] County of Santa Barbara's motion to dismiss appeal as moot, filed on December 19, 2024, is denied.

The easement is approximately one-half mile long.  The road that runs over the easement is unpaved and approximately 12 feet wide.  The County's fire department and public works department determined that the road was adequate to serve the Project.

Over JCCrandall's objection, the County granted the CUP.  The County's Board of Supervisors denied JCCrandall's appeal, also finding the road adequate to serve the Project.

*Petition for Writ of Administrative Mandate*

JCCrandall petitioned for a writ of administrative mandate, challenging the County's determination that the easement provides adequate access to the Project.  JCCrandall claimed:  1) the use of the easement for cannabis activities is prohibited by the terms of the easement deed and federal law; 2) state law requires JCCrandall's consent for cannabis activities on its land and JCCrandall refuses to consent; and 3) the road violates County standards for private roads.

The trial court denied the petition.  The court determined that the County's decision did not involve a fundamental vested right.  Thus the substantial evidence standard, and not the independent judgment standard, applies.  The court found the County's decision was supported by substantial evidence.

DISCUSSION

*I. Trial Court's Standard of Review*

Under Code of Civil Procedure section 1094.5, there are alternative standards for the trial court's review of an administrative decision.  If the administrative decision involves or affects a " 'fundamental vested right,' " the trial court exercises its independent judgment on the evidence.  (*HPT IHG-2 Properties Trust v. City of Anaheim* (2015) 243 Cal.App.4th 188,

198.) Where no fundamental vested right is involved, the trial court's review is limited to determining whether the administrative decision is supported by substantial evidence. (*Ibid*.)

Whether a claimed right is vested and fundamental is decided on a case-by-case basis. (*McCarthy v. California Tahoe Regional Planning Agency* (1982) 129 Cal.App.3d 222, 229.) A vested right is a right that is a preexisting right or a right already possessed. (*Id*. at pp. 229-230.)

Here JCCrandall is claiming the right to exclude an unauthorized person – a cannabis grower – from its property. Inherent in the right of ownership is the right to exclude others. (*LT-WR, L.L.C. v. California Coastal Com.* (2007) 152 Cal.App.4th 770, 806.) The right to exclude others is the essence of the right of property ownership. The right existed prior to any administrative decision. It is a fundamental vested right. (See also *301 Ocean Ave. Corp. v. Santa Monica Rent Control Bd.* (1991) 228 Cal.App.3d 1548 [the right to control the use of one's property is a fundamental vested right].) The trial court erred in applying the substantial evidence standard of review. The court's independent judgment is the proper standard.

The County's reliance on *Bakman v. Department of Transportation* (1979) 99 Cal.App.3d 665 is misplaced. In *Bakman*, homeowners objected to a permit allowing an airport expansion. None of the homeowners complained that the permit required a physical invasion of their properties. The Court of Appeal held that the permit did not involve a fundamental vested right, and substantial evidence was the proper standard of review. (*Id*. at pp. 689-690.)

4

*Bakman v. Department of Transportation* is easily distinguished. JCCrandall is not simply an owner of property in the vicinity of the Project. Here the CUP is premised on Santa Rita Holdings, Inc.'s right to physically use JCCrandall's property.

## II. Easement's Use to Transport Cannabis

It is often said that cannabis is legal in California. The statement is not true. Under federal law, cannabis is illegal in every state and territory of the United States. (See Controlled Substances Act, 21 U.S.C. § 801 et seq.; 21 U.S.C. § 812 (c)(10); *City of Garden Grove v. Superior Court* (2007) 157 Cal.App.4th 355, 377.) Article VI, paragraph 2 of the United States Constitution, known as the Supremacy Clause, provides in part, "The Constitution, and the Laws of the United States . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

### (a) Civil Code Section 1550.5, Subdivision (b)

In finding that the easement provides adequate access for the Project, the trial court relied on Civil Code section 1550.5, subdivision (b), which provides in part:

"Notwithstanding any law, including, but not limited to, . . . federal law, commercial activity relating to medicinal cannabis or adult-use cannabis conducted in compliance with California law and any applicable local standards, requirements, and regulations shall be deemed to be all of the following:

"(1) A lawful object of a contract.

"(2) Not contrary to, an express provision of law, any policy of express law, or good morals.

"(3) Not against public policy."

5

Civil Code section 1550.5, subdivision (b) defies the Supremacy Clause. No matter how much California voters and the Legislature might try, cannabis cultivation and transportation are illegal in California as long as it remains illegal under federal law.

In a petition for rehearing, for the first time, the County cites two inapplicable cases. The County's reliance on *Qualified Patients Assn. v. City of Anaheim* (2010) 187 Cal.App.4th 734 and *City of Palm Springs v. Luna Crest, Inc.* (2016) 245 Cal.App.4th 879 is misplaced. In *Qualified Patients*, the court held that federal law does not preempt the Medical Marijuana Program Act (MMPA) and the Compassionate Use Act of 1996. (*Qualified Patients*, at pp. 756-757.) In *City of Palm Springs*, the court held that federal law does not preempt the city's permit requirements for medical marijuana dispensaries. (*City of Palm Springs*, at pp. 884-885.)

We are not concerned with federal preemption of the MMPA, the Compassionate Use Act, or city permit requirements. It remains that transportation of cannabis is a crime under federal law. The question here is whether JCCrandall has the right to prevent the use of its land for that purpose.

We need not decide whether Civil Code section 1550.5, subdivision (b) is valid as between contracting parties who voluntarily agree to enter into the cannabis business. That is not the case here. The CUP is premised on JCCrandall being forced to allow its property to be used in cannabis transportation.

JCCrandall relies on Business and Professions Code section 26051.5, subdivision (a)(2). An applicant for a state license to conduct commercial cannabis activity must "[p]rovide evidence of the legal right to occupy and use the proposed location and

6

provide a statement from the landowner of real property or that landowner's agent where the commercial cannabis activity will occur, as proof to demonstrate the landowner has acknowledged and consented to permit commercial cannabis activities to be conducted on the property by the tenant applicant." (*Ibid.*)

JCCrandall argues the statute requires its consent to use its land for commercial cannabis activity. The County claims the statute applies only between landlord and tenant.

It is true the statute refers to the "tenant applicant." (Bus. & Prof. Code, § 26051.5, subd. (a)(2).) But the statute also refers to consent of the "landowner," a category broader than the tenant applicant's landlord. (*Ibid.*) JCCrandall certainly qualifies as a landowner. Technical language aside, the statute evinces a policy that landowners should not be forced to allow their properties to be used for commercial cannabis activities but must affirmatively consent. In light of this policy, we interpret Business and Professions Code section 26051.5, subdivision (a)(2) as requiring permission for commercial cannabis activities from all landowners where land is so used, including the owners of servient tenants over which cannabis is transported.

*(b) Scope of Easement*

Business and Professions Code section 26051.5, subdivision (a)(2) aside, JCCrandall cannot be forced to allow his property to be used to transport cannabis, because such use exceeds the scope of uses allowed under the easement.

It is undisputed that in 1998, when the easement was created, cannabis was illegal under both California and federal law. It is also undisputed that from the time the easement was created it has been used for legal agricultural purposes.

7

For as long as an easement is enjoyed, its mode and manner of use shall remain substantially the same as it was at the time the easement was created. (*Whalen v. Ruiz* (1953) 40 Cal.2d 294, 302.) The County argues the easement was used for agricultural purposes. But there is a vast difference between legal and illegal agricultural purposes.

Nor does the County point to any evidence that at the time the easement was created the parties intended that it would be used for an illegal purpose. Had the parties so intended, the easement would have been unenforceable. (See *Baccouche v. Blankenship* (2007) 154 Cal.App.4th 1551, 1557 [assuming that, like a contract for an illegal purpose, an easement for an illegal purpose is void].)

The scope of the easement does not include the illegal transport of cannabis. Civil Code section 1550.5, subdivision (b) cannot expand the scope of the easement to allow such use. A statute that authorizes the permanent physical invasion of the land of another is void as violating the Takings Clause of the Fifth Amendment to the United States Constitution. (*Loretto v. Teleprompter Manhattan Catv Corp.* (1982) 458 U.S. 419, 426)

*(c) County Codes*

The County tries to distance itself from the dispute by claiming the use of a private easement is a matter between the dominant and servient landowners, and not the business of the County.

But the County's LUDC requires that to grant a CUP the County must find: "Streets and highways are adequate and properly designed to carry the type and quantity of traffic generated by the proposed use." (LUDC, § 35.82.060, subd. (E)(1)(d).)

8

It is undisputed that the easement is the only means of access to and from the proposed use.  The proposed use is the cultivation and transportation of cannabis.  If the easement is not available for the proposed use, then the streets and highways cannot be deemed adequate.

DISPOSITION

The judgment is reversed.  Costs are awarded to appellant.
<u>CERTIFIED FOR PUBLICATION</u>.



GILBERT, P. J.

We concur:


YEGAN, J.


BALTODANO, J.

9

Jed Beebe, Judge

Superior Court County of Santa Barbara

_____

Elkins Kalt Weintraub Reuben Gartside, Ernest Guadiana and Jackson D. McNeill for Plaintiff and Appellant.

Rachel Van Mullem, County Counsel, and Callie Patton Kim, Deputy Counsel, for Defendant and Respondent.